**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VLADIMIR GUSINSKY REVOCABLE TRUST, Derivatively on Behalf of WALGREENS BOOTS ALLIANCE, INC., | Case No. 23-cv-15654 |
| Plaintiff, | **ORDER PRELIMINARILY APPROVING SETTLEMENT** |
| v. | |
| STEFANO PESSINA, JOSE E. ALMEIDA, JANICE M. BABIAK, DAVID J. BRAILER, WILLIAM C. FOOTE, GINGER L. GRAHAM, JOHN A. LEDERER, DOMINIC MURPHY, LEONARD D. SCHAEFFER, NANCY M. SCHLICHTING, and JAMES A. SKINNER, | |
| Defendants, and | |
| WALGREENS BOOTS ALLIANCE, INC., a Delaware Corporation, | |
| Nominal Defendant. | |

WHEREAS, the above-referenced derivative action captioned *Vladimir Gusinsky Revocable Trust v. Pessina et al.*, Case No. 23-cv-15654 (the "Action"), is pending before this Court;

WHEREAS, Plaintiff Vladimir Gusinsky Revocable Trust has moved for an order: (i) preliminarily approving the proposed Settlement of the Action, in accordance with the Stipulation and Agreement of Settlement dated April 10, 2024 (the "Stipulation"), which, together with the exhibits attached thereto, sets forth the terms and conditions for the proposed Settlement and dismissal with prejudice of the Action, upon the terms and conditions set forth therein; and

1

(ii) approving the form and content of notice of the pendency of the Action and proposed Settlement to Walgreens Shareholders;

WHEREAS, unless otherwise defined herein, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation; and

WHEREAS, the Court (i) has read and considered the Stipulation and the exhibits attached thereto, (ii) has found upon a preliminary evaluation that the proposed Settlement falls within the range of preliminary approval criteria, including because it confers benefits on Walgreens Boots Alliance, Inc. ("Walgreens") and its shareholders and appears to be the product of serious, informed negotiations overseen by an experienced mediator, and (iii) has found upon a preliminary evaluation that Walgreens Shareholders should be apprised of the Settlement through the proposed form of notice.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.  This Court has jurisdiction over the subject matter of the Action, and the Parties to the Stipulation agreed to submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

2.  The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as fair, reasonable, and adequate, including the terms and conditions for settlement and dismissal with prejudice of the Action.

3.  The Settlement Hearing shall be held telephonically before the Court on June 18, 2024 at 8:50 a.m. CST to determine: (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate to Walgreens and Walgreens Shareholders and should be finally approved by the Court; (ii) whether an Order and Final

Judgment approving the Settlement, substantially in the form attached to the Stipulation as Exhibit E, should be entered; (iii) whether to approve the agreed-upon amount of attorneys' fees and expenses ("Fee and Expense Amount"); and (iv) such other matters as the Court may deem appropriate.

4. The Court approves, as to form and content, the Notice, attached as Exhibit C to the Stipulation, and the Summary Notice, attached as Exhibit D to the Stipulation, and finds that the posting of the Notice and publication of the Summary Notice in the manner and form set forth in paragraphs 5–6 of this Order meet the requirements of Fed. R. Civ. P. 23.1 and due process, and constitute due and sufficient notice of all matters relating the Settlement to all Persons entitled to such notice.

5. No later than ten (10) business days following entry of this Order, Walgreens shall cause the Summary Notice, substantially in the form attached to the Stipulation as Exhibit D, to be published one time in *Investor's Business Daily* or a similar online publication.

6. No later than ten (10) business days following entry of this Order, Walgreens shall cause the Stipulation and the Notice to be included in a Form 8-K furnished to the Securities and Exchange Commission, and Walgreens shall post a link to the Stipulation and the Notice on the "Investor Relations" page of Walgreens' website, and shall maintain that link through the date of the hearing for the Court to determine whether to finally approve the Settlement.

7. No later than seven (7) calendar days prior to the Settlement Hearing, Walgreens shall file with the Court and serve on Plaintiff's Counsel proof, by affidavit or declaration, of compliance with the notice procedures set forth in this Order.

8. Any and all costs of Notice shall be paid by Walgreens, regardless of whether the Court finally approves the Settlement or the Effective Date fails to occur, and in no event shall Plaintiff or Plaintiff's Counsel be responsible for the payment of costs associated with the Notice.

9. All papers in support of the Settlement and the Fee and Expense Amount shall be filed with the Court and served no later than twenty-one (21) calendar days prior to the Settlement Hearing and any reply papers shall be filed with the Court no later than seven (7) calendar days prior to the Settlement Hearing.

10. Any Walgreens Shareholder who continues to own Walgreens common stock through the date of the Settlement Hearing may file a written objection to the Settlement and/or to the payment of the Fee and Expense Amount and appear and show cause, if he, she or it has any cause, why the Settlement and/or the Fee and Expense Amount should not be approved; provided, however, that, unless otherwise directed by the Court for good cause shown, no such person or entity shall be heard or entitled to contest the approval of the terms and conditions of the Settlement and/or the payment of the Fee and Expense Amount to Plaintiff's Counsel unless that person or entity: (i) files notice of an intention to appear that includes proof of current ownership of Walgreens common stock; (ii) files papers in support of the objection with the Clerk of the Court by at least fourteen (14) calendar days prior to the hearing; and (iii) ensures such notice and papers have been served on and received by counsel as identified in the Notice by at least fourteen (14) calendar days prior to the Settlement Hearing.

11. Any objection: (a) must state the name, address, and telephone number of the person or entity objecting and, if represented by counsel, the name, address and telephone number of his, her, or its counsel; (b) must be signed by the shareholder; (c) must contain a written, specific statement of the shareholder's objection or objections, and the specific reasons for each objection,

4

including any legal and evidentiary support the shareholder wishes to bring to the Court's attention; (d) must state that the objection is being filed with respect to "*Vladimir Gusinsky Revocable Trust v. Pessina et al.*, Case No. 23-cv-15654"; (e) must include documentation sufficient to prove that the shareholder held shares of Walgreens common stock as of the close of business on the date of the Stipulation and continues to hold such stock as of the date the objection is made; and (f) must state the dates when the shareholder acquired Walgreens shares.

12. Any Walgreens Shareholder who wishes to be heard orally at the hearing in opposition to the approval of the Settlement must also file a notice of appearance with the Clerk of the Court and serve the notice on counsel as identified in the Notice so that it is received no later than fourteen (14) calendar days prior to the Settlement Hearing. Shareholders who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Any person appearing at the Settlement Hearing must present at the hearing documentation sufficient to prove that the shareholder continues to hold shares of Walgreens common stock as of the date of the hearing. Such persons may be heard orally at the discretion of the Court.

13. Unless otherwise ordered by the Court, any Walgreens Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object and shall forever be barred from raising any objection to the Settlement and/or the Fee and Expense Amount, or any other matter related to the Settlement, in the Action or in any other action or proceeding, and shall otherwise be bound by the Order and Final Judgment to be entered and the Releases to be given.

14. All Walgreens Shareholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Walgreens Shareholders.

15. All proceedings in the Action, other than those relating to the Settlement itself, are hereby stayed until further Order of the Court. Pending final determination of whether the Settlement should be approved, Plaintiff and all other Walgreens Shareholders are hereby barred and enjoined from commencing or prosecuting, derivatively on behalf of Walgreens, any of the Released Claims against any of the Released Persons.

16. The Court may adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Walgreens Shareholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Walgreens Shareholders.

17. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by any Party or any other Person as a presumption, a concession, an admission, or evidence of any fault, wrongdoing, or liability of any Party or Released Person, or of the validity of any Released Claim; or (ii) is intended by the Parties to be offered or received as evidence or used by any Person in any action or proceeding, whether civil, criminal, or administrative, other than to enforce the terms therein.

**IT IS SO ORDERED.**

DATED: April 17, 2024

_____
Honorable Matthew F. Kennelly